CASE 47—ACTIONS FOR INJUNCTION BY E. A. FARRA AND BY J. LEWIS LETTERLE AGAINST THE STATE BOARD OF AGRICULTURE AND OTHERS.—May 16, 1910.

## Farra, &c. v. State Board of Agriculture.

Application made in Appellate Court to dissolve the injunction.—Motion sustained.

Agriculture—Societies—Election of Delegates.—Act 1906, creating the state board of agriculture, forestry, and immigration (Acts 1906, c. 90), provides in section 1 that it shall be composed of one intelligent citizen from each appellate court district of the state, with the commissioner of agriculture as ex officio chairman, and the director of the Kentucky experiment station ex officio member. Section 5 provides that the chairman of the board with the approval of the members shall cause a farmers' industrial institute of two days' duration to be held in each county annually, at which one or more delegates to the state institute shall be elected. Section 7 provides that between the 1st day of January and March of each year a state industrial institute shall be held, at which only county delegates shall be entitled to vote, each county having one vote. Held, that the action of the state institute in seating delegates was that of a sovereign body which had the right, as have all other representative governing bodies, of final jurisdiction of determining who constituted the body, and had jurisdiction to decide a contest as to who were entitled to act as delegates, with the exercise of which right the courts could not interfere.

HAZELRIGG & HAZELRIGG and McQUOWN & BECKHAM for appellant.

TOM B. McGREGOR and EDELEN & DAVIS for defendants.

OPINION OF THE COURT BY JUDGE SETTLE.

These actions in equity were brought in the Franklin circuit court, the first by E. A. Farra against M.

C. Rankin, commissioner of agriculture and chairman of the state board of agriculture, forestry, and immigration, the several other members of that board, and M. H. Froman, and the second by J. Lewis Letterle against M. C. Rankin, commissioner of the state board of agriculture, forestry, and immigration, the several others members of the board, and L. L. Dorsey.

The plaintiffs, claiming to have been elected members of the state board of agriculture, forestry, and immigration, Letterle from the Fourth and Farra from the Fifth appellate court district of Kentucky, respectively, at a meeting of the state industrial institute held in March, 1910, in the city of Frankfort, by the delegates elected thereto by the county farmers' institute of the counties composing the appellate districts, allege, in substance, that following their election to membership on the board in question they each took the oath required by law, and were prepared to enter upon the performance of their duties as members thereof, but were and have been interfered with and prevented from so doing by the defendant Rankin, commissioner of agriculture and chairman of the board, certain other of its members, and the defendants Dorsey and Froman, the two last named wrongfully claiming, as further alleged, to have been elected as members of the board in question from the Fourth and Fifth appellate court districts, respectively, instead of the plaintiffs. An injunction was asked by the plaintiffs and granted by the circuit court, whereby the defendants were restrained from further interfering with plaintiffs in the manner complained of, until the cases can be heard and determined by that court upon their merits.

The defendants entered before me, a judge of the Court of Appeals, a motion to dissolve the injunction. At my request the other members of the court, except Judge O'Rear, who is absent from the state, sat with me at the hearing and in considering the motion, and all concur in the conclusions therein expressed.

It appears that the defendants Dorsey and Froman also claim to be members of the state board of agriculture, forestry, and immigration from the Fourth and Fifth appellate court districts, respectively, by election in the same manner the plaintiffs claim to have been elected; that they, too, have taken the oath necessary to their qualification to membership thereon; and that the acts of and interference with the plaintiffs alleged consist in their asserting claim to the offices in question and the recognition by the commissioner and chairman and certain members of the board of their right thereto as against those of the plaintiffs. Therefore the real point of controversy is whether plaintiffs, Farra and Letterle, or the defendants Dorsey and Froman, are entitled to membership in the board. By the act of 1906 (Acts 1906, c. 90), creating the state board of agriculture, forestry, and immigration, it is provided (section 2) that it shall be composed of one intelligent citizen from each appellate court district of the state, with the commissioner of agriculture as ex officio chairman, and the director of the Kentucky experiment station, at Lexington, ex officio member. By section 5 it is provided that the chairman of the board, with the approval of the members, shall cause a farmers' industrial institute of two days' duration to be held in each county of the state annually, at which one or more delegates to the state institute shall be elected. By section 7 it is provided that between the 1st days of January

and March of each year a state industrial institute
for the farmers of at least three days' duration shall
be held at Frankfort or some other convenient place
as the board may direct, at which only county dele-
gates shall be entitled to vote; each county having
one vote. At the meeting of the state institute the
members of the state board of agriculture, forestry,
and immigration are elected from the appellate court
districts by the delegates of these districts. While it
is patent from the act that each county of each ap-
pellate district has but one vote in electing its mem-
ber of the state board of agriculture, forestry, and
immigration, it would seem that, if more than one
delegate from a county is sent to the state institute
by the county institute, all would be entitled to a voice
in determining at the meeting of the state institute
for whom the one vote of the county for a member of
the state board of agriculture, forestry, and immigra-
tion from the appellate court district should be cast.

In the cases before us it appears that several per-
sons claiming to be delegates from the county of Jef-
ferson in the Fourth appellate district, and several
from each of the counties of Bourbon, Carroll, and
Trimble of the Fifth appellate district, claiming to be
delegates, attended the meeting of the state institute
in February, 1910, and took part in the election of
members of the state board of agriculture, forestry,
and immigration from their respective districts,
though only one vote for each county was cast in
such elections.

It further appears that by the report of the com-
mittee on credentials appointed by the state institute
at its February meeting and the adoption of the re-
port by the state institute, the persons claiming to be
delegates from Jefferson county favoring the election

of the defendant Dorsey as a member of the state board of agriculture, forestry, and immigration from the Fourth appellate district, and those claiming to be delegates from the counties of Bourbon, Carroll, and Trimble, favoring the election of the defendant Froman as the member thereof from the Fifth appellate court district, were seated as delegates to the state institute, and by their votes in determining how the one vote of their counties, respectively, should be cast, the defendants Dorsey and Froman were elected members of the state board. On the other hand, and notwithstanding the action of the state institute in seating the delegates referred to, plaintiffs claim to have been elected at the same meeting of the state institute by the only delegates from their respective districts who were legally entitled to act and vote as such.

It is manifest that the action of the state institute in seating the delegates through whom defendants secured their election as members of the state board of agriculture, forestry, and immigration was that of a sovereign body, having the right to determine who constituted the body, and, as the delegates from the county institutes were elected as such to the state institute, that body, in case of a contest or controversy over the right of those claiming to act in that capacity by participating in its meetings or business, had jurisdiction to decide such contest or controversy. It is true that such power is not in terms conferred by the statute, but, unless expressly prohibited by the statute, it exists in the state institute, as in all such representative governing bodies of final jurisdiction, whether they be of political character, or instrumentalities in state goverment; and, this being true, the courts are without power to interfere with its exer-

cise.   Clarke, etc., v. Rogers, etc., 81 Ky. 43; Moody v. Trimble, 109 Ky. 139, 58 S. W. 504, 22 Ky. Law Rep. 692, 50 L. R. A. 810; Cain v. Page, 42 S. W. 336, 19 Ky. Law Rep. 977.

As the delegates to the state institute, recognized and enrolled by it as such, elect the members of the state board from the Appellate districts, and the state institute by its committee on credentials and its approval of the commissioner's report seated the delegates through whom the defendants Dorsey and Froman seem to have secured their election to the state board, it follows that the court below was concluded by that action.   Therefore the injunction should not have been granted.

This conclusion makes the consideration of the other questions raised in the cases unnecessary.

For the reasons given, the injunction is dissolved.